

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts

Opinion No. O-4415

Re: The exemption of motor vehicles
purchased by Defense Plant Corp-
oration from the 1% retail sales
tax.

Dear Sir:

  In your letter of February 10, 1942, you direct our attention to
our Opinion No. O-3797, holding that motor vehicles purchased and owned
by instrumentalities of the Federal Government are not subject to the 1%
tax levied on the retail sales of motor vehicles by Article VI, House Bill 8,
47th Legislature, and request our opinion as to whether or not the Defense
Plant Corporation is an instrumentality of the Federal Government, such
that motor vehicles purchased by it will not be subject to said tax. You also
advise that in some cases the motor vehicles are registered in the name of
a contractor who is building a defense or army plant and that the contractor
claims that the vehicles are actually owned by the Federal Government, and
you ask us what evidence we think should be submitted to the Tax Assessor-
Collector in order for him to determine whether or not the tax should be paid.

  Defense Plant Corporation apparently was organized under Section
606b, 15 U.S.C.A., and clearly is an agency of the Federal Government, created
"in order to aid the Government of the United States in its national defense
program." Section 610, 15 U.S.C.A., reads in part:

> "Any and all notes, debentures, bonds, or other such obli-
> gations issued by the corporation shall be exempt both as to
> principal and interest from all taxation (except surtaxes, estate,
> inheritance, and gifts taxes) now or hereafter imposed by the
> United States, by any Territory, dependency, or possession
> thereof, or by any State, county, municipality, or local taxing
> authority, except as provided in Section 742a (a) of Title 31.
> The corporation, including its franchise, its capital, reserves,
> and surplus, and its income shall be exempt from all taxation
> now or hereafter imposed by the United States, by any Territory,
> dependency, or possession thereof, or by any State, county,

municipality, or local taxing authority; except that any real property of the corporation shall be subject to State, Territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed. The exemptions provided for in the preceding sentence with respect to taxation (which shall, for all purposes, be deemed to include sales, use, storage, and purchase taxes) shall be construed to be applicable not only with respect to the Reconstruction Finance Corporation but also with respect to (1) The Defense Plant Corporation, . . ."

From the above it is evident that Defense Plant Corporation may not be required to pay the tax levied by Article VI of House Bill 8, 47th Legislature, on motor vehicles purchased by it.

We now direct our attention to your second question. Attached to your opinion request is a letter from an auditor of Defense Plant Corporation, Mr. M. R. Burson, in which he plainly states that all automotive equipment of the Defense Plant Corporation is held and registered in its own proper name. If such be true, it would follow as a matter of course that no vehicle standing in the personal name of the contractor is entitled to registration without payment of this tax. At least until and unless advised by Defense Plant Corporation that it actually owns such automobiles and asserts the exemption, we think that these claims for exemption made by contractors should be denied. In case Defense Plant Corporation hereafter does assert such ownership and exemption you may so advise us and we will then be glad to render our opinion on the question as to whether exemption from the tax may be allowed.

Yours very truly

APPROVED MAR 6, 1942

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By
/s/ Glenn R. Lewis
Assistant

GRL:db:tiw

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN

GRL:pm